IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRETT HALLOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 10-cv-0060-DRH** |
| | ) | |
| **ILLINOIS DEPARTMENT OF CORRECTIONS,** *et al.*, | ) ) | |
| | ) | |
| **Defendants.** | | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> >   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Because of its brevity, the Court will recount the fact allegations of the complaint in their entirety:

> When I had my first blackout I was sent to see the doctor and he asked how I felt with my blackout.  I told him that I don't know why but before it happens I get dizzy, then it seems like I don't have any control when it happens.
>
> Had and EKG showed I had a slow heart rate.
>
> Was suppose to have a MRI - never happened.
>
> Issued a low bunk permit on Oct. 1, 2009.  Never given medication to control seizures.

### DISCUSSION

At the outset, the Court notes that Plaintiff has checked the box on the complaint form stating that he has not presented the facts concerning his complaint through the prisoner grievance system.

2

Complaint pg. 3, ¶ III, B.  Plaintiff explains that the reason he has not presented this matter through the grievance system is because he believes this "is a non grievable [sic] incident."  Plaintiff, however, is wrong.

The PLRA, enacted April 26, 1996, amended the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997 et seq.) as follows:

> (a) Applicability of Administrative Remedies.– No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Plaintiff's complaint concerning the alleged lack of medical care is unquestionably about "prison conditions."  There is no "futility exception" to the PLRA.  Thus, a prisoner seeking only money damages must still satisfy the PLRA's exhaustion requirement, even if the internal grievance procedure does not provide for monetary rewards.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  The PLRA's exhaustion requirement even applies to prisoners being held in correctional facilities operated by private contractors.  *Boyd v. Corrs. Corp of Am.*, 380 F.3d 989, 994 (6th Cir. 2004); *see also Ruggiero v. County of Orange*, 467 F.3d 170, 174 (2nd Cir. 2006) (inmates in community drug treatment centers are were confined in a "correctional facility" with respect to the PLRA's exhaustion requirement).  Because Plaintiff's complaint seeks relief against prison officials (and a private contractor providing medical services to prisoners) and because the suit involves prison conditions, the instant complaint should be dismissed for failing to exhaust administrative remedies.

Alternatively, Plaintiff's claims against the Illinois Department of Corrections (IDOC)

should be dismissed. Neither a State nor its departments are 'persons' under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Thus, Plaintiff fails to state a claim against the IDOC.

Furthermore, Plaintiff's claims against all other named Defendants must also be dismissed. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). However, the instant complaint does not include any allegations against the named Defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

### DISPOSITION

In summary, Plaintiff's complaint is **DISMISSED**, without prejudice, for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a). If, after exhausting his available administrative remedies, Plaintiff is still not satisfied with the result, then he may bring an action in federal court. Alternatively, Plaintiff's complaint is dismissed for failing to state a claim upon which

relief may be granted.  As Plaintiff may be able to state a claim by more artful pleading of his case, this dismissal is also without prejudice.  All pending motions are **DENIED** as moot.  The Clerk of Court is **DIRECTED TO CLOSE THIS CASE.**

    **IT IS SO ORDERED.**

    **DATED:** June 23, 2010

    /s/   DavidRHerndon
    **DISTRICT JUDGE**